UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>              Plaintiff,<br><br>       v.<br><br>MENDOZA, et al.,<br><br>              Defendants. | Case No. 1:22-cv-00790-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 8 & 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Israel Ramirez ("Plaintiff") is a prisoner proceeding *pro se* with this civil rights action.

On June 29, 2022, the Court issued an order denying Plaintiff's application to proceed *in forma pauperis*, without prejudice. (ECF No. 4.) The Court found that, "[g]iven Plaintiff's allegations that he can afford to pay the filing fee and that he has substantial funds in a checking or savings account, Plaintiff's application, as written, is insufficient for the Court to determine that he is entitled to proceed without prepayment of fees in this action." (Id. at 1-2) (footnote omitted). The Court gave Plaintiff thirty days to: "1) Pay the $402 filing fee in full; 2) File an application to proceed *in forma pauperis* that sufficiently explains why he cannot afford to pay the filing fee despite having substantial funds in a checking or savings account; or 3) Re-file his current application to proceed *in forma pauperis*, in which case the Court will issue findings and recommendations to a district judge recommending that it be denied." (Id. at 2).

1

On July 14, 2022, Plaintiff filed his second application to proceed *in forma pauperis*. (ECF No. 7).  The Court denied Plaintiff's second application, without prejudice, "because Plaintiff failed to respond to question four, which asks whether Plaintiff has cash (which includes the balance of checking and savings accounts).  This is particularly relevant here, because in his prior application Plaintiff alleged that he had significant funds in a checking or savings account."  (ECF No. 7, p. 1) (citations omitted).  The Court gave Plaintiff thirty days to file a new application to proceed *in forma pauperis*.  (Id. at 2).  The Court warned Plaintiff that "[f]ailure to comply with this order may result in dismissal of this action."  (Id.).

On August 3, 2022, Plaintiff filed a "Motion to Reply Today."  (ECF No. 9).  Much of Plaintiff's motion was unclear, but Plaintiff appeared to be asking the Court to move his case forward.  The Court denied Plaintiff's motion because "[t]his case will not proceed until Plaintiff either pays the filing fee or files an application to proceed *in forma pauperis* that makes the showing required by 28 U.S.C. § 1915."  (Id. at 1).  The Court also gave Plaintiff thirty days to file an application to proceed *in forma pauperis* or pay the $402 filing fee.  (Id. at 1-2).  The Court once again warned Plaintiff that "[f]ailure to comply with this order may result in dismissal of this action."  (Id. at 2).

Plaintiff's deadline to file an application to proceed *in forma pauperis* or pay the $402 filing fee has passed, and Plaintiff failed to do either.  Accordingly, the Court will recommend that this case be dismissed, without prejudice, for failure to comply with a court order and to prosecute this case

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'"  Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly,

this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. Plaintiff's failure to file an application to proceed *in forma pauperis* or pay the $402 filing fee, despite being ordered to do so by the Court, is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen to stop prosecuting this case and has failed to comply with a court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. While Plaintiff alleged in his first application to proceed *in forma pauperis* that he has substantial funds, considering Plaintiff's failure to pay the $402 filing fee, it appears that monetary sanctions are of little use. And as Plaintiff has decided to stop prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1.  This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case; and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 27, 2022**                 /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE