UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ISRAEL MALDONADO RAMIREZ**, <br><br>   Plaintiff, <br><br>   v. <br><br> **MENDOZA, et al.**, <br><br>   **Defendants**. | No. 1:22-cv-00790-AWI-EPG (PC) <br><br> **ORDER REGARDING FINDINGS AND RECOMMENDATION AND PLAINTIFF'S MOTION TO REMOVE MAGISTRATE JUDGE** <br><br> (Doc. Nos. 11, 15) |

Israel Ramirez ("Plaintiff") is a prisoner (or former prisoner) proceeding *pro se* with this civil rights action. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 27, 2022, the assigned Magistrate Judge entered Findings and Recommendations ("F&R"), recommending that "[t]his case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case," and that "[t]he Clerk of Court be directed to close this case." (Doc. No. 11 at 4.)

Plaintiff was provided an opportunity to file objections to the F&R. Plaintiff did not file objections, but he did file a motion to remove the Magistrate Judge (Doc. No. 15.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the F&R to be supported by the record and proper analysis. It is worth noting that months have passed and Plaintiff still has not paid the filing fee or demonstrated that he is entitled to proceed *in forma pauperis*.

1

As to Plaintiff's motion to remove the Magistrate Judge, it is without merit.[1] Plaintiff did not submit any evidence of bias against him. Moreover, as discussed above, the Court has conducted a *de novo* review and finds that the F&R is supported by the record and proper analysis. Instead of including evidence of bias in his motion, Plaintiff includes highly inappropriate and obviously false and fanciful sexual comments, and, most disconcertingly, a death threat. The Court finds that the inappropriate sexual comments and the death threat provide an intervening and independent reason for dismissal of this case.

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (citations and internal quotation marks omitted). "As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001). "Direct contempts that occur in the court's presence may be immediately adjudged and sanctioned summarily, and, except for serious criminal contempts in which a jury trial is required, the traditional distinction between civil and criminal contempt proceedings does not pertain." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 n.2 (1994) (citations omitted); see also F.R.Cr.P. 42(a) ("[T]he court (other than a magistrate judge) may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies; a magistrate judge may summarily punish a person as provided in 28 U.S.C. §636(e). The contempt order must recite the facts, be signed by the judge, and be filed with the clerk."). Contemptuous statements included in filings with a court can constitute direct contempt. Bianco v. Erkins, 2002 WL 35645715, at *2 (D. Idaho Oct. 24, 2002) (and cases cited therein); Fine v. Superior Ct., 97 Cal.App.4th 651, 665 (2002); People v. Parker, 328 Ill. App. 46, 57-58 (1946).

---

[1] The Court notes that in the motion Plaintiff also appears to allege that he did not file his motion for an extension of time to object to the findings and recommendations correctly, and requests additional time to do so. As Plaintiff's motion for an extension of time was granted (ECF No. 13), Plaintiff's request for additional time to file the motion correctly is denied as moot.

The Court finds that the inappropriate sexual comments (see, e.g., Doc. No. 15 at 1, 2, 3, & 4) and the death threat (id. at 2)[2] constitute direct contempt because the statements clearly abuse the judicial process and are included in a document that Plaintiff signed and filed with the Court. Thus, the Court may immediately and summarily sanction Plaintiff.

The nature of the statements, and the death threat in particular, warrant strong litigation sanctions. In fact, the Seventh Circuit has found that "threats against judges warrant the *strongest* possible litigation sanction." Hughes v. Varga, 2021 WL 3028145, at *2 (7th Cir. July 19, 2021) (emphasis added). This is further supported by courts that have held that "[d]eath threats directed at an opposing party and a witness are sufficiently serious to warrant the sanction of dismissal." Kalwasinski v. Ryan, 2007 WL 2743434, at *2 (W.D.N.Y. Sept. 17, 2007); Davis v. Saint Luke's Roosevelt Hosp., 2018 WL 10384114, at *1 (S.D.N.Y. Apr. 16, 2018) (same), aff'd sub nom. Davis v. Saint Luke's-Roosevelt Hosp. Ctr., 771 F. App'x 116 (2d Cir. 2019); McClintock v. Cooper, 2021 WL 4741898, at *5 (E.D. Cal. Oct. 12, 2021) (same), report and recommendation adopted, 2021 WL 5494777 (E.D. Cal. Nov. 23, 2021). It should hardly need to be said that death threats have no place in litigation. Because the sexual comments and death threat against the Magistrate Judge by Plaintiff warrant "the strongest possible litigation sanction," Hughes, 2021 WL 3028145 at *2, dismissal of this case with prejudice is appropriate.

From the above, the Court will dismiss this case with prejudice as a sanction for Plaintiff's inappropriate, abusive, dangerous, and contemptuous statements which were made on the record through the public docket and which were directed against the Magistrate Judge. See Hughes, 2021 WL 3028145 at *2. However, in the alternative, the Court will dismiss this case pursuant to the analysis in the F&R.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remove the Magistrate Judge (Doc. No. 15) is denied;

---

[2] Plaintiff stated: "I have a serious copmliant in here, that she has to make it serious too if she want serious [illegible] she should know how to get not by trick are for kid. Respect me! I have it do it. I have it, I'll take you out!" (Doc. No. 15 at 2) (errors in original.)

3

2. The findings and recommendations issued on September 27, 2022 (Doc. No. 11), are adopted, as discussed above;

3. This case is dismissed with prejudice as a sanction for the abusive, inappropriate, dangerous, and contemptuous statements included in Plaintiff's motion to remove the Magistrate Judge;

4. In the alternative, this case is dismissed without prejudice because of Plaintiff's failure to comply with a court order and to prosecute this case; and

5. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: November 29, 2022

SENIOR DISTRICT JUDGE